IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| C.M., on his own behalf and on behalf of his minor child, D.V., <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>　　　　　　Defendant. | § § § § § § § § § § § § § |

Civil Action No. 5:21-cv-00234-JKP-ESC

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

C.M. ("Plaintiff")[1] requests this Court's leave to proceed under a pseudonym to protect his identity from public disclosure. Plaintiff also moves the Court to order the United States ("Defendant")—which already knows Plaintiff's full name[2]—to maintain the confidentiality of Plaintiff's identity by using only his pseudonym in all of its filings, including all exhibits in which Plaintiff's name appears. Plaintiff will disclose his identity to the Court.

**INTRODUCTION**

Plaintiff C.M. fled Honduras with his minor son, A.A., to seek refuge in the United States. Upon arriving at the U.S. border, however, federal officials deliberately inflicted trauma on Plaintiff and D.V. by forcibly separating them. Plaintiff is a victim of a policy whose goal was to cause harm, instill fear, and deter other parents and children from migrating to the United States. The Complaint describes the psychological damage that Plaintiff and D.V. suffered when the U.S. government forcibly removed D.V. and throughout the government's subsequent

---

[1] Plaintiff C.M. brings this action on his own behalf and on behalf of his minor child, D.V. Because Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children, this Motion seeks protection only for Plaintiff C.M.

[2] C.M. and D.V. disclosed their full names to the relevant government agencies in their administrative claims filed pursuant to 28 U.S.C. § 2401(b).

i

failures, including not providing Plaintiff and D.V. with adequate detention facilities, not offering Plaintiff basic information about D.V.'s whereabouts and well-being for weeks at a time, and not reuniting Plaintiff with D.V. for months. Because of Defendant's actions, Plaintiff suffered—and continues to suffer—severe physical, psychological, and emotional distress. Plaintiff now seeks compensation for the extraordinary harms he endured.

Allowing Plaintiff to proceed under a pseudonym is necessary to protect his highly sensitive and personal information, including information relating to Plaintiff's immigration status and mental health. Because Plaintiff does not seek to withhold his identity from the government, granting this motion would cause no prejudice to Defendant. Moreover, Plaintiff's need for privacy outweighs the public's interest in knowing his identity. Indeed, the public interest in this case weighs heavily in favor of granting Plaintiff's motion.

## ARGUMENT

### I. COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED UNDER PSEUDONYMS WHERE CIRCUMSTANCES JUSTIFY SECRECY

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms when special circumstances justify secrecy. A request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981). Courts permit pseudonyms in cases where "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In considering whether to allow a plaintiff to proceed anonymously, a court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* A court must also

consider "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Courts across the country regularly allow plaintiffs to proceed pseudonymously because immigration status is sufficiently sensitive and personal in nature. *See, e.g.*, *Hispanic Interest Coalition of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases); *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (affirming district court's order permitting use of pseudonyms where plaintiffs, "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and even physical danger, if their identities were revealed") (quoting *Lozano v. City of Hazleton*, 496 F.Supp.2d 477, 510 (M.D. Pa. 2007), *vacated on other grounds sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011); *Doe v. Franklin Bank*, *S.S.B.*, 2008 WL 11334179, at *4 (W.D. Tex. Sept. 3, 2008) (granting plaintiff's request to proceed under a pseudonym); *Int'l Refugee Assistance Project v. Trump*, No. 17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (granting motion to proceed under pseudonyms in part to protect plaintiffs' relatives' "problematic immigration status"). *Kiakombua v. Wolf*, --- F.Supp.3d ----, 2020 WL 6392824 n. 6 (D.D.C. Oct. 31, 2020) (granting motion to proceed under pseudonym; "[w]hen weighed against the minimal interest in disclosure of the identities of the Pseudonymous Plaintiffs, the Pseudonymous Plaintiffs' significant interest in maintaining anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings."); *Doe v. Dordoni*, 2016 WL 4522672, at *3 (W.D. Ky. Aug. 29, 2016) ("prudence dictates erring on the side of caution and granting Doe's request to pursue the case under the pseudonym").

Other courts have allowed similarly vulnerable plaintiffs to proceed anonymously to protect their privacy. *See, e.g.*, *Alexander v. Falk*, No. 2:16-cv-02268-MMD-GWF, 2017 WL 3749573, at *5 (D. Nev. Aug. 30, 2017) (allowing plaintiff authors to proceed using professional pseudonyms where litigation involved defamatory statements regarding marital infidelity); *Jane Roes 1-2 v. SFBC Mgmt., LLC*, 77 F. Supp. 3d 990, 993-95 (N.D. Cal. 2015) (allowing exotic

dancers to proceed pseudonymously for privacy and safety reasons); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing victim of human trafficking to proceed anonymously because the litigation involved "matters of 'a highly sensitive and personal nature' to her") (citation omitted). Moreover, in other family separation cases courts have permitted the adult parents to proceed pseudonymously. *See F.R. v. United States*, Case No. -21-00339-PHX-DLR, Dkt. 10; *A.P.F. v. United States*, Case No.-20-0065-PHX-SRB, Dkt. 27 (D. Ariz. April 16, 2020); *C.M. v. United States*, Case No. 2:19-cv-05217-SRB, Dkt. 7 (D. Ariz. September 23, 2019).

## II. THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM

### A. Plaintiff Seeks To Preserve Privacy In A Matter Of Sensitive And Highly Personal Nature, Where Disclosure of His Identity Could Subject Him to Physical Injury or Death

Plaintiff's claims center on the substantial psychological and emotional trauma that he and his son suffered—and continue to suffer—as a result of Defendant's forcible separation and its failures to provide Plaintiff with adequate detention facilities and to offer even basic information about D.V.'s whereabouts and well-being for many weeks at a time, Defendant's deportation of Plaintiff without D.V., Defendant's limitation of Plaintiff's contact with D.V. after deportation, and Defendant's failure to reunite Plaintiff with D.V. for months. The litigation necessarily will require disclosure of Plaintiff's private mental and physical health information. Indeed, Plaintiff's Complaint details that he was struck, and then severely traumatized after D.V. was separated from him. *See, e.g.*, Compl. ¶¶ 67-72. It also details D.V.'s disturbing mental health condition after the forcible separation. *Id.* at ¶¶ 46-61.

Plaintiff has a significant interest in the privacy of his mental health information, which could be stigmatizing and risks further traumatizing him if publicly disclosed. *See, e.g.*, *Penzato*, 2011 WL 1833007, at *3 (allowing use of pseudonym where litigation involved "the emotional and psychological impact" of being a victim of human trafficking and where "publication of

[plaintiff's] name would open her to inquiries from the press and other interested individuals," compromising her ability to recover from her trauma).

Moreover, permitting Plaintiff to proceed under a pseudonym will ensure that his minor child's identity is protected. While Federal Rule of Civil Procedure 5.2(a) requires redaction of a minor's name, in recognition of the importance of protecting the privacy of minors, protecting the privacy of D.V. is even more critical here given the highly sensitive and personal subject matter at issue. D.V.'s claims are based in part on the trauma and abuse he suffered as a result of being separated from Plaintiff, and the Complaint details D.V.'s ensuing mental health conditions. *See, e.g.*, Compl. ¶¶ 67-72. Revealing Plaintiff's name risks exposing sufficient information to allow members of the public, media, or others to uncover the identity of D.V., and would thus undermine the objectives of Rule 5.2(a). *See Doe v. Heritage Acad., Inc.*, No. CV-16-03001- PHX-SPL, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017) (allowing parent to proceed using initials to protect identity of minor child).[3]

Finally, Plaintiff and D.V. are currently in hiding in Honduras, under threats of retaliation and death from criminal gangs. As the Complaint alleges, Plaintiff and D.V. fled Honduras for the United States to seek safety and asylum from extortion by gangs, corrupt police that would not protect them, and the threat of violence that had been directed against them and their family in Honduras. *See, e.g.*, Compl. ¶32. After being deported to Honduras, Plaintiff and D.V. have gone into hiding. Disclosing Plaintiff's identity in connection with the claims he has filed here would create a great risk of physical injury or death for Plaintiff and his family. Plaintiff's

---

[3] To protect the special sensitivity of information relating to minors in immigration custody, HHS maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied children by maintaining the confidentiality of their personal information." U.S. Dep't of Health and Human Servs., *Unaccompanied Alien Children Released to Sponsors by State* (Aug. 29, 2019), https://www.acf.hhs.gov/orr/resource/unaccomp12 released-to-sponsors-by-state (last accessed Oct. 16, 2019). HHS reasons that such children "may be seeking safety from threats of violence," among other concerns, and HHS therefore "cannot release information about individual [children] that could compromise the child's location or identity." *Id.*

v

whereabouts could be exposed, and the fact that Plaintiff has sued for damages may increase the risk of extortion from gangs that have already threatened the family.

### B. Defendant Will Not Be Prejudiced By Plaintiff's Use of a Pseudonym in Publicly Filed Documents

Granting Plaintiff's request to proceed under a pseudonym will not prejudice Defendant's "ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. Defendant will experience no prejudice because it already knows Plaintiff's name. *See Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017). All that Plaintiff seeks in this Motion is permission to use a pseudonym in publicly filed documents in this case. "Because the Defendant[ ] know[s] the . . . Plaintiffs' names, [it has] the information [it] need[s] to defend against" Plaintiffs' claims. *Id.*; *see also Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *Publius v. Boyer-Vine*, 321 F.R.D. 358, 365 (E.D. Cal. 2017) (finding that the defendant was not prejudiced by the plaintiff remaining anonymous throughout discovery where the defendant would be provided with the plaintiff's identity "in order to conduct the necessary discovery, including taking [the plaintiff's] deposition").

Moreover, that this action is against the federal government rather than a private party weighs in favor of permitting Plaintiff to proceed under a pseudonym. *See John Does 1-5 v. McCrory*, No. 1:13CV711, 2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014). "Courts are more likely to permit plaintiffs to proceed under pseudonym when they are pursuing a claim against the government" because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3; *see also S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

### C. The Public Interest Weighs in Favor of Allowing Plaintiff to Challenge the Government's Action Pseudonymously

In contrast to Plaintiff's heightened interest in confidentiality, the public's interest in knowing Plaintiff's identity is minimal. While the issues that Plaintiff raises in this lawsuit are a matter of significant public concern, revealing Plaintiff's identity will add little or nothing to the public's understanding of the government's misconduct at issue in this case. *See Advanced Textile*, 214 F. 3d at 1068-69 ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.") (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). To the contrary, "lawsuits that enforce statutes and constitutional rights generally benefit the public." *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012)

Indeed, courts have observed that there is a public interest in allowing pseudonymous filing where, as here, a plaintiff challenges the validity of government action. *See, e.g.*, *S. Methodist Univ.*, 599 F.2d at 713; *EW*, 213 F.R.D. at 111 (holding that when attacking government action a plaintiff's interest in anonymity is "particularly strong" because "plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights"). Accordingly, the public interest weighs in favor of allowing Plaintiff to proceed under a pseudonym.

### CONCLUSION

For the reasons set forth above, Plaintiff C.M. respectfully requests that the Court enter an Order:

1. Granting Plaintiff leave to proceed in this matter under a pseudonym;
2. Ordering that Defendant shall not publicly disclose Plaintiff's name or personally identifying information; and
3. Ordering that all parties shall submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of his real name and other personally identifying information.

Respectfully submitted,

RUKIN HYLAND & RIGGIN LLP
Peter Rukin*
Jessica Riggin*
Valerie Brender*
1939 Harrison Street, Suite 290
Oakland, California 94612
(415) 421-1800
(415) 421-1700 - Fax

LAW OFFICES OF
GAUL AND DUMONT
315 E. Euclid Avenue
San Antonio, Texas 78212
(210) 225-0685
(210) 595-8340 - Fax

*/s/ Malinda A. Gaul*
Malinda A. Gaul
Texas Bar No. 08239800
Attorney for Plaintiffs


(*Pro hac vice application forthcoming)