IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| C.M., ON HIS OWN BEHALF AND ON BEHALF OF HIS MINOR CHILD, D.V.; | § § § | |
| *Plaintiff,* | § § | SA-21-CV-00234-JKP |
| vs. | § § | |
| UNITED STATES OF AMERICA, | § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion to Proceed Under Pseudonym [#8]. This case has been referred to the undersigned for all non-dispositive pretrial proceedings [#4]. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Court will **grant** the motion.

### I. Background

This lawsuit arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Plaintiff, an asylum-seeker from Honduras, filed this action on his own behalf and on behalf of his minor son, D.V., against the United States over its policy of forced separation of parents and children at the United States border. Plaintiff's Complaint asserts claims under the FTCA for intentional infliction of emotional distress, abuse of process, battery, negligence, and loss of consortium. (Compl. [#1] at ¶¶ 77–98.)

Plaintiff's Complaint alleges that he and D.V. left their home country to seek refuge in the United States. Upon their arrival at the U.S. border, they allege that federal officials deliberately inflicted trauma on Plaintiff and D.V. by forcibly separating them pursuant to a U.S. policy designed to cause harm, instill fear, and deter other parents and children from migrating to

the United States.  Plaintiff alleges that this forced separation caused long-lasting injury and ongoing trauma to Plaintiff and his son.

In addition to the trauma inflicted by the forced separation, Plaintiff alleges that he was subjected to abusive treatment during detention, denied any information about the whereabouts of his son, then tricked into signing a waiver of his asylum claim.  Plaintiff alleges that his son was also subjected to emotionally and physically abusive treatment during the separation. Plaintiff was reunited with his son at an airport after four months of separation, placed on a plane, and deported to Honduras.   Plaintiff alleges that the he and his son are currently in hiding in Honduras, under threats of retaliation and death from criminal gangs.

Plaintiff now moves for permission to proceed under a pseudonym to protect his identity from public disclosure.  Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children.  The motion therefore only seeks protection for Plaintiff C.M.  The Court will grant the motion.

## II.  Analysis

Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").  Federal courts have discretion, however, to permit parties to proceed under pseudonyms where special circumstances justify anonymity.  A request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

The Fifth Circuit has identified "three factors common to anonymous-party suits" that deserve "considerable weight" in evaluating whether to permit the use of a pseudonym.  *Doe v.*

*McKesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019) (quoting *Stegall*, 653 F.2d at 186), *judgment vacated on other grounds by* --U.S.--, 141 S. Ct. 48 (2020).  These are: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will be required to disclose information "of the utmost intimacy"; and (3) whether the plaintiff will be compelled to admit the intention to engage in illegal conduct, thereby risking criminal prosecution.  *Id.* (citing *Stegall*, 653 F.2d at 185).

These factors favor permitting Plaintiff to proceed anonymously here.  First, Plaintiff is suing the United States government, not a private party, and challenging a governmental policy. The Fifth Circuit has recognized that suits against the Government do not present the same concerns about reputational injury as do suits against private parties, where "the mere filing of a civil action against other private parties may cause damage to their good names and may also result in economic harm."  *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).  Plaintiff does not seek to withhold his identity from the Government.  Indeed, Plaintiff and D.V. already disclosed their full names to the relevant government agencies in their administrative claims filed pursuant to 28 U.S.C. § 2401(b).  For this reason, there is less of a public interest in requiring disclosure of identity.

Secondly, courts have repeatedly recognized that a plaintiff's vulnerable immigration status is sufficiently sensitive and personal in nature to warrant the use of a pseudonym.  *See, e.g.*, *Hispanic Interest Coalition of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases); *Lozano v. City of Hazleton*, 620 F.3d 170, 195 (3d Cir. 2010) (affirming district court's order permitting use of pseudonyms where plaintiffs, "because of their unlawful status, would face an exponentially greater risk of harassment, and even physical danger, if their identities were revealed") (internal citation and quotation omitted), *judgment vacated on other*

*grounds by* 563 U.S. 1030 (2011).  Although Plaintiff and his son have already been deported, Plaintiff's Complaint alleges that he and his son are currently in hiding in Honduras and that there is a further risk to his safety if his status is made publicly available.  Plaintiff fears retaliation by criminal gangs for his attempt to flee his country and the risk of extortion if this lawsuit for damages is discovered.  These factors weigh in favor of permitting Plaintiff to proceed anonymously.

Plaintiff and his son also have the additional privacy interest of wanting to protect the highly sensitive and personal information regarding their mental health involved in this case. Plaintiff contends that it could be further stigmatizing and traumatizing if the injuries he and his son suffered were to be publicly disclosed.  Moreover, permitting Plaintiff to proceed under a pseudonym will ensure that the identity of D.V. remains confidential.  If Plaintiff is required to disclose his name and identity in this litigation, it would be easy for the public, media, or others to uncover the identity of D.V., which would undermine the objectives of Rule 5.2(a).  *See Doe v. Heritage Acad., Inc.*, No. CV-16-03001- PHX-SPL, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017) (allowing parent to proceed using initials to protect identity of minor child).

Other courts facing requests for a departure from Rule 10's public disclosure requirements in the context of family separation cases have chosen to exercise their discretion and permit the use of a pseudonym.  *See, e.g.*, *Ms. Q. v. U.S. Immigr. & Customs Enf't*, No. 1:18-CV-02409, 2018 WL 10050939, at *3 (D.D.C. Oct. 24, 2018) ("The public's interest in the litigants' identity is *de minimis* compared to the significant privacy interests of the plaintiffs, a four-year-old child and his mother, who states that she faces a significant risk of persecution—including possible physical harm or death—if her identity is publicly revealed through this lawsuit.") (internal quotation omitted).  Finally, allowing Plaintiff to proceed under a

pseudonym, at least at this stage of the proceedings, would not cause any prejudice to the Government, as it is already well aware of Plaintiff's identity.

In summary, at this early stage of the litigation, this Court is persuaded that the plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  *See id.*

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym [#8] is **GRANTED**.  Plaintiff may proceed in this matter under a pseudonym using the initials C.M.

**IT IS FURTHER ORDERED** that Defendant shall not publicly disclose Plaintiff's name or personal identifying information.

**IT IS FINALLY ORDERED** that all parties shall submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of his real name and other personally identifying information.

SIGNED this 31st day of March, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE