**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| C.M., on his own behalf and on behalf of his minor child, D.V., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 5:21-CV-0234-JKP-ESC |
| United States of America, | § § § | |
| Defendant. | § § | |

**AMENDED ANSWER AND DEFENSES OF THE
UNITED STATES OF AMERICA**

Defendant United States of America respectfully submits this Amended Answer to Plaintiffs' Complaint, (ECF. Doc. No. 1), as follows:

**GENERAL ANSWER**

1.      Defendant expressly denies any and all allegations in the Complaint that are not specifically admitted herein. The headings and numbered paragraphs below correlate to the section and numbered paragraphs in Plaintiffs' Compliant. Titles and headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained within them. Defendant expressly denies the relief sought and any allegations contained in Plaintiffs' headings.

2.      Plaintiffs quote various documents throughout the Complaint, including United States District Court cases; congressional statutes, reports, and testimony; media articles; and investigatory reports. Defendant responds to these citations as follows:

a.      To the extent a paragraph in the Complaint cites or otherwise references one of these documentary sources solely as support for a factual allegation, the United States answers

1

the factual allegation in accordance with Federal Rule of Civil Procedure 8 by either admitting, denying, or pleading lack of sufficient information with respect to that factual allegation in the specific answers that follow. The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response.

b.      To the extent a paragraph in the Complaint contains a factual allegation, purports to provide a quotation from a documentary source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes a finding or conclusion of a report, policy, or other cited source, Defendant answers those allegations in accordance with Federal Rule of Civil Procedure 8.

3.      Insofar as the Complaint contains allegations regarding the subjective mindset, knowledge, or motivation of various Executive Branch officials and employees, those allegations are denied throughout the Answer.

4.      Insofar as the allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs, Defendant lacks information sufficient to form a belief as to the allegations because Plaintiffs are proceeding pseudonymously. Therefore, any specific admissions or denials, in full or in part, of allegations specific to Plaintiffs are qualified by the provision that Defendant is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs.

**SPECIFIC ANSWERS BY PARAGRAPH**

1.      Paragraph 1 contains no factual allegation that requires a response from Defendant. To the extent a response is required, Defendant admits that Plaintiffs bring this Complaint against Defendant under the Federal Tort Claims Act ("FTCA").

# I.    INTRODUCTION[1]

2.      Paragraph 2 of the Complaint represents Plaintiffs' characterization of the case to which no response is required. To the extent a response is required, Defendant admits only that Plaintiffs seek damages in this action. Defendant admits that the persons believed to be Plaintiffs C.M. and D.V. were separated for four months, but denies that Plaintiffs were forcibly separated. Defendant further denies that Plaintiffs are entitled to any relief whatsoever. Defendant otherwise lacks information sufficient to form a belief about the remaining allegations in Paragraph 2 of the Complaint, and therefore denies the allegations.

3.      Defendant lacks information sufficient to form a belief about the allegations in Paragraph 3 of the Complaint, and therefore denies the allegations.

4.      Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Defendant lacks information sufficient to form a belief concerning any trauma allegedly suffered by Plaintiff C.M. and other parents, and therefore denies the allegations. Defendant further denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant admits that the person believed to be Plaintiff D.V. was under the care and custody of the U.S. Department of Health and Human Services' ("HHS") Office of Refugee Resettlement ("ORR") and its care provider, Bethany Christian Services ("Bethany"), a state-licensed, ORR-funded care provider, from March 11, 2018 to July 9, 2018, when he was reunified with his father. Defendant lacks information sufficient to form a belief as to the remaining allegations in Paragraph 6 of the Complaint.

---

[1] The United States repeats the headings from Plaintiffs' Complaint for ease of reference, without admission of any allegations contained therein.

7.     Defendant lacks information sufficient to form a belief concerning the allegations in Paragraph 7 of the Complaint, and therefore denies the allegations.

## II.     JURISDICTION AND VENUE

8.     In response to Paragraph 8 of the Complaint, Defendant admits Plaintiffs invoke the Court's jurisdiction under the provisions of the FTCA, but Defendant asserts that whether jurisdiction exists is a conclusion of law reserved for this Court to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 8 of the Complaint.

9.     In response to Paragraph 9 of the Complaint, Defendant only admits that, if this Court has jurisdiction in this case, venue is proper in the Western District of Texas, San Antonio Division.

10.     Paragraph 10 of the Complaint contains legal conclusions regarding the exhaustion of administrative remedies to which no response is required. To the extent a response is required, Defendant only admits that Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), U.S. Immigration and Customs Enforcement (ICE), and HHS received administrative claims from individuals believed to be the Plaintiffs in this matter on or about March 4, 2020 and March 5, 2020. Defendant admits that more than six months elapsed between March 5, 2020 and March 8, 2021, the date that Plaintiffs filed their Complaint.

## III.     PARTIES

11.     Defendant admits that, at the time the Complaint was filed, the person believed to be Plaintiff C.M. was thirty-years old. Defendant further admits that the person believed to be Plaintiff C.M. is from Honduras. Defendant lacks sufficient information to admit or deny Plaintiffs' actual intent for unlawfully entering the United States. Defendant admits that the person

believed to be Plaintiff C.M. is listed as the father on the person believed to be Plaintiff D.V.'s birth certificate.

12.     Defendant admits that, at the time the person believed to be Plaintiff D.V. was under the care and custody of ORR and Bethany, he was seven-years old and that, at the time the Complaint was filed, he was ten-years old. Defendant admits that the persons believed to be Plaintiffs C.M. and D.V. were separated for four months but denies that Plaintiffs were forcibly separated.

13.     Paragraph 13 of the Complaint contains Plaintiffs' characterization of the case and legal conclusions to which no response is required. To the extent Paragraph 13 may be construed to constitute allegations of material fact to which a response is required, Defendant admits only that the United States is the only proper defendant under the FTCA. Defendant denies the remaining allegations of Paragraph 13 of the Complaint. Defendant specifically denies that Plaintiffs are entitled to any recovery under the FTCA.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that DHS employs law enforcement officers who act in an employment capacity.

15.     Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that DHS employs law enforcement officers.

### IV.    STATEMENT OF THE FACTS

**A.    The United States Developed a Family Separation Policy with Knowledge and Intent to Cause Harm.**

      **1.  Factual Background.**

16.    Defendant admits that family units were separated pursuant to law in 2017 – 2018 and minors designated as "Unaccompanied Alien Children" were transferred to ORR custody. Defendant denies the remaining allegations in Paragraph 16 of the Complaint.

17.    Paragraph 17 contains a quotation from the American Academy of Pediatrics (AAP), to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to that document for an accurate representation of its contents. Defendant lacks information sufficient to form a belief as to the accuracy of the quotation or the information referenced therein, and therefore denies the allegations in Paragraph 17 of the Complaint.

18.    Paragraph 18 contains Plaintiffs' characterization of an HHS, Office of Inspector General ("OIG") Report to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to this document for an accurate representation of its contents. Defendant otherwise lacks information sufficient to form a belief as to the truth or accuracy of the quotation or the information referenced therein and therefore denies the allegations in Paragraph 18 of the Complaint.

      **2.  The U.S. government begins separating families with the knowledge that separations will likely cause substantial harm.**

19.    Paragraph 19 contains a quotation from a 2016 DHS Advisory Committee report, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to this report for an accurate representation of its contents. Defendant otherwise lacks

information sufficient to form a belief as to the truth or accuracy of the quotation and therefore denies the allegations in Paragraph 19 of the Complaint.

20.     Paragraph 20 contains Plaintiffs' characterization of a transcript of Commander Jonathan White's testimony during a Hearing Before the Subcommittee on Oversight and Investigations of the House Committee on Energy and Commerce to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to this transcript for an accurate representation of its contents. Defendant lacks information sufficient to form a belief as to the accuracy of the quotation or the information referenced therein and therefore denies the allegations in Paragraph 20 of the Complaint.

21.     Paragraph 21 contains a quotation from the American Academy of Pediatrics to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to that document for an accurate representation of its contents. Defendant otherwise lacks information sufficient to form a belief as to the allegations in Paragraph 21 and therefore denies the allegations in Paragraph 21 of the Complaint.

22.     Paragraph 22 contains a quotation from the American Academy of Pediatrics to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to that document for an accurate representation of its contents. Defendant otherwise lacks information sufficient to form a belief as to the allegations in Paragraph 22 and therefore denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant admits only that in 2017, there was a prosecution initiative in the U.S. Border Patrol El Paso Sector that resulted in the separations of some family units. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.      Defendant admits that on April 11, 2017, the then-U.S. Attorney General issued a memorandum regarding "Renewed Commitment to Criminal Immigration Enforcement." The remainder of the allegations consist of Plaintiffs' characterization of the memorandum and a Department of Justice OIG report to which no response is required.  Defendant respectfully refers the Court to those documents for an accurate representation of their contents.

25.      Defendant admits that from July through November 2017, there was a prosecution initiative in the U.S. Border Patrol El Paso Sector that resulted in the separation of some family units. The remaining portion of Paragraph 25 consist of Plaintiffs' characterization of DOJ OIG and HHS OIG reports to which no response is required. Defendant respectfully refers the Court to those documents for an accurate representation of their contents.

26.      Defendant denies the allegations in Paragraph 26 of the Complaint.

27.      Defendant admits that on April 6, 2018, the then-U.S. Attorney General issued a "Memorandum for Federal Prosecutors Along the Southwest Border" regarding zero tolerance for offenses under 8 U.S.C. § 1325(a). The remainder of the allegations consist of Plaintiffs' characterization of the memorandum and DOJ and HHS OIG reports to which no response is required. Defendant respectfully refers the Court to those documents for an accurate representation of their contents.

28.      Paragraph 28 consist of Plaintiffs' characterization of a DOJ OIG report to which no response is required. Defendant respectfully refers the Court to the report for an accurate representation of its contents.

### 3.  The U.S. government intended for the harm caused by the Family Separation Policy to have a deterrent effect on migrants.

29.      Defendant admits that the quotations in Paragraph 29 relating to the purported draft December 16, 2017 "Policy Options to Respond to Border Surge of Illegal Immigration" contained

in this paragraph are contained in the purported policy memo cited in Paragraph 29 of the Complaint. Paragraph 29 also includes quotations and citations to online articles to which no response is required. Defendant admits that the quoted language is contained in the cited news articles, and Plaintiffs' characterizations of these purported quotes are not statements of facts for which a response is required. Insofar as the quotations are allegations, Defendant lacks information sufficient to form a belief as to the allegations and therefore denies them. Defendant denies the remaining allegations of Paragraph 29 of the Complaint.

30.     Defendant admits that the federal court in *Ms. L. v. U.S. Immigration and Customs Enforcement*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018), granted the plaintiffs' motion for a class-wide preliminary injunction. The *Ms. L.* decision speaks for itself, and Plaintiffs' allegations characterizing the *Ms. L.* decision are not statement of fact for which a response is required. To the extent a response is required, Defendant denies Plaintiffs' allegations characterizing the decision. Moreover, Paragraph 30 contains quotes attributed to former President Trump in news articles. Defendant admits that the quoted language is contained in the cited news article, and Plaintiffs' characterizations of these purported quotes are not statements of facts for which a response is required. Insofar as the quotations are allegations, Defendant lacks information sufficient to form a belief as to the allegations and therefore denies them.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.  The allegation in Paragraph 31 that the United States acted intentionally is a legal conclusion to which no response is required.

**B.     Plaintiffs C.M. and D.V. Came to the United States Seeking Sanctuary.**

32.     Defendant lacks information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint and therefore denies them.

33.     Defendant admits that the persons believed to be Plaintiffs C.M. and D.V. were taken into custody at the Eagle Pass Port of Entry on March 8, 2018. Defendant admits that the person believed to be Plaintiff C.M. requested asylum. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegation in paragraph 34 in its entirety.

35.     Defendant denies the allegation in paragraph 35 in its entirety.

**C.      C.M. and D.V. Were Detained in an "Icebox."**

36.     Defendant admits that the individuals believed to be Plaintiffs were placed in a secure holding area at the Eagle Pass Port of Entry after they were apprehended.

37.     Defendant admits it is familiar with the term "la hielera" used by some noncitizen detainees, but Defendant denies that the persons believed to be Plaintiffs were held in a "hielera" or "icebox" as described in the Complaint. Defendant denies the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendant denies that the persons believed to be Plaintiffs were held in a "hielera" as described in the Complaint. Defendant lacks sufficient information to form a belief as to whether officers took the outer garments of the person believed to be Plaintiff C.M. before placing him in custody. Defendant otherwise denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies that the persons believed to be the Plaintiffs were held in a "hielera" as described in the Complaint. Defendant lacks information sufficient to form a belief as to whether CM physically shook.  Defendant denies the remaining allegation of this paragraph. Defendant lacks information sufficient to form a belief as to the remaining allegations in Paragraph 39 of the Complaint and therefore denies them.

40.     Defendant denies that the persons believed to be Plaintiffs were held in a "hielera" as described in the Complaint. Defendant admits that the persons believed to be Plaintiffs C.M.

and D.V. were held for approximately two days along with approximately 20 other people in CBP custody. Defendant otherwise lacks information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.     Defendant denies that the persons believed to be the Plaintiffs were held in a "hielera" as described in the Complaint. Defendant otherwise lacks information sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint and therefore denies them.

42.     Defendant denies that the persons believed to be the Plaintiffs were held in a "hielera" as described in the Complaint. Defendant admits that the detention facility has hard benches and floors, but denies that cots, mattresses, or blankets were unavailable to detainees. Defendant otherwise lacks information sufficient to form a belief as to the remaining allegations and therefore denies them.

43.     Defendant denies that the persons believed to be the Plaintiffs were held in a "hielera" as described in the Complaint. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Defendant denies that the persons believed to be the Plaintiffs were held in a "hielera" as described in the Complaint. Defendant otherwise lacks information sufficient to form a belief as to the remaining allegations in Paragraph 44 of the Complaint and therefore denies them.

45.     Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 45 of the Complaint and therefore denies them.

**D.     U.S. Immigration Officials Separated C.M. from D.V. for Three Months.**

46.     Defendant admits that the individuals believed to be Plaintiffs were held for approximately two days. Defendant denies that the individuals believed to be Plaintiffs were held

in a "hielera" or "icebox" as described in the Complaint. Defendant otherwise lacks information to form a belief as to the remaining allegations in Paragraph 46 of the Complaint and therefore denies them.

47.    Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 47 of the Complaint and therefore denies them.

48.    Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint and therefore denies them.

49.    Defendant denies that the individuals believed to be Plaintiffs were held in a "hielera" or "icebox" as described in the Complaint. Defendant admits that the person believed to be plaintiff DV was removed from the person believed to be plaintiff CM. Defendant otherwise lacks information sufficient to form a belief as to the remaining allegations in Paragraph 49 of the Complaint and therefore denies them.

50.    Defendant denies the allegations in Paragraph 50 of the Complaint.

51.    Defendant denies that the person believed to be Plaintiff C.M. was detained at the Val Verde County Detention facility. Defendant denies that the person believed to be Plaintiff C.M. submitted any detainee request forms to speak with his son or be reunited with his son.

52.    Defendant denies that the person believed to be Plaintiff C.M. was detained at the Val Verde County Detention facility. Defendant denies that the person believed to be Plaintiff C.M. submitted any grievances or requests during his detention. Defendant otherwise lacks sufficient information to form a belief as to the remaining allegations in Paragraph 52.

53.    Defendant denies that the person believed to be Plaintiff C.M. was detained at the Val Verde County Detention facility. Defendant denies that the person believed to be Plaintiff C.M. was unable to locate the person believed to be Plaintiff D.V. or speak with him while Plaintiff

D.V. was under the care and custody of ORR and Bethany. Defendant denies that the person believed to be Plaintiff C.M. submitted any detainee request forms to speak with his son or be reunited with his son. Defendant otherwise lacks sufficient information to form a belief as to the remaining allegations in Paragraph 53 of the Complaint and therefore denies them.

54.     Defendant denies that the person believed to be Plaintiff C.M. was unable to locate the person believed to be Plaintiff D.V. or speak with him while Plaintiff D.V. was under the care and custody of ORR and Bethany. Defendant denies that there was no basis for removing the person believed to be Plaintiff C.M. from the person believed to be Plaintiff D.V. Defendant otherwise lacks information sufficient to form a belief as to the remaining allegations in Paragraph 54 and therefore denies them.

55.     Defendant admits the allegations in Paragraph 55 of the Complaint.

56.     Defendant admits that the person believed to be Plaintiff C.M. did not have an attorney present at the Credible Fear Interview ("CFI"). Defendant denies that the person believed to be Plaintiff C.M. did not have an opportunity to consult with an attorney to prepare for the CFI.

57.     Defendant admits that the person believed to be Plaintiff C.M. discussed his son during the CFI and that the asylum officer was unable to provide the person believed to be Plaintiff C.M. any information concerning his son. Defendant denies that the person believed to be Plaintiff C.M. was unable to respond coherently to the questions asked during the CFI. Defendant admits that the person believed to be Plaintiff C.M. stated he had been threatened by a gang in the past. Defendant otherwise lacks information sufficient to form a belief about the remaining allegations in Paragraph 57 of the Complaint and therefore denies them.

58.     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Defendant admits that the person believed to be Plaintiff C.M. was presented with a form that was written in English after the person believed to be Plaintiff C.M. withdrew his request for protection from removal. Defendant otherwise lacks information sufficient to form a belief about the allegations in Paragraph 59 of the Complaint and therefore denies them.

60.     Defendant admits that the person believed to be Plaintiff C.M. was provided with a "Request for Dissolution of Credible Fear Process" Form after the person believed to be Plaintiff C.M. withdrew his request for protection from removal. Defendant otherwise denies the allegations in Paragraph 60 of the Complaint.

61.     Defendant admits that the person believed to be Plaintiff C.M. was transferred to the South Texas ICE Processing Center. Defendant denies that it was approximately three months after first being separated from the person believed to be Plaintiff D.V. that the person believed to be Plaintiff C.M. was provided with phone access to his son. Defendant otherwise lacks information sufficient to form a belief about the allegations in Paragraph 61 of the Complaint and therefore denies them.

**E.     The Abusive Conditions D.V. Experienced During His Separation from His Father Further Compounded the Trauma Caused by the Separation.**

62.     Defendant admits that CBP Office of Field Operations transferred custody of Plaintiff D.V. on March 9, 2018 to MVM, Inc.; and MVM, Inc., transferred custody of Plaintiff D.V. to ORR's custody on March 11, 2018, when Plaintiff D.V. was admitted to Bethany's Transitional Foster Care Program, in Muskegon, Michigan, where he was placed in a foster home setting. Defendant denies that Plaintiff D.V. was not able to speak with his father while under the care and custody of ORR and Bethany. Defendant otherwise lacks sufficient information to form a belief as to the remaining allegations in Paragraph 62 of the Complaint and therefore denies them.

63.     Defendant admits that CBP Office of Field Operations transferred custody of Plaintiff D.V. on March 9, 2018 to MVM, Inc.; and MVM, Inc., transferred custody of Plaintiff D.V to ORR's custody of Plaintiff D.V. on March 11, 2018, when he was admitted to Bethany's Transitional Foster Care Program, in Muskegon, Michigan, where he was placed in a foster home setting. Defendant denies that Plaintiff D.V. was not able to speak with his father while under the care and custody of ORR and Bethany. Defendant otherwise lacks sufficient information to form a belief as to the remaining allegations in Paragraph 63 of the Complaint and therefore denies them.

64.     Defendant admits that CBP Office of Field Operations transferred custody of Plaintiff D.V. on March 9, 2018 to MVM, Inc.; and MVM, Inc., transferred custody of Plaintiff D.V to ORR's custody on March 11, 2018, when he was admitted to Bethany's Transitional Foster Care Program, in Muskegon, Michigan, where he was placed in a foster home setting. Defendant denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     Defendant lacks information sufficient to form a belief about the allegations in Paragraph 65 of the Complaint and therefore denies them.

66.     Defendant admits that the person believed to be Plaintiff D.V. was under the care and custody of ORR and Bethany from March 11, 2018 to July 9, 2018, when he was reunified with his father at Dulles International Airport, in Dulles, Virginia. Defendant admits that the persons believed to be Plaintiffs C.M. and D.V. were removed to Honduras on July 9, 2018.

**F.      The Government's Separation of C.M. and D.V. Caused Them Severe and Lasting Emotional Distress, Post-Traumatic Stress, Depression, and Other Psychological Injuries.**

67.     Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 67 of the Complaint and therefore denies them.

68.     Paragraph 68 contains a reference to and partial quotations from several articles to which no response is required. Plaintiffs' characterizations of these quotes and referenced documents are not statements of facts for which a response is required. To the extent that a response is required, Defendant respectfully refers the Court to those articles for an accurate representation of its contents. Defendant otherwise lacks information sufficient to form a belief as to the information contained in the cited documents.

69.     Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 69 of the Complaint and therefore denies them.

70.     Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 70 of the Complaint and therefore denies them.

71.     Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 71 of the Complaint and therefore denies them.

72.     Defendant lacks information sufficient to form a belief as to the allegations in Paragraph 72 of the Complaint and therefore denies them.

**G.     The Government's Separation of C.M. and D.V. Was Unconstitutional, Unlawful, and Designed to Force Them to Abandon Their Asylum Claims.**

73.     Paragraph 73 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

74.     Paragraph 74 contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant admits that the federal court in *Ms. L.* granted the plaintiffs' motion for a class-wide preliminary injunction. The *Ms. L.* decision speaks for itself, and Plaintiffs' allegations characterizing the *Ms. L.* decision are not statement of fact to which a response is required. To the extent that a response is required, Defendant respectfully

refers this Court to the district court's opinion in *Ms. L.* for an accurate representation of its contents.

75.     Paragraph 75 contains Plaintiffs' characterization of their cause of action and legal conclusions to which no response is required. Defendant admits that the federal court in *Ms. L.* granted the plaintiffs' motion for a class-wide preliminary injunction. The *Ms. L.* decision speaks for itself, and Plaintiffs' allegations characterizing the *Ms. L.* decision are not statement of fact for which a response is required. To the extent that a response is required, Defendant respectfully refers this Court to the district court's opinion in *Ms. L.* for an accurate representation of its contents.

76.     Paragraph 76 consists of Plaintiffs' characterization of a DOJ OIG report to which no response is required. Defendant respectfully refers the Court to the report for an accurate representation of its contents.

### V.     FIRST CAUSE OF ACTION
### Federal Tort Claims Act, 28 U.S.C. § 1346(b)
### Intentional Infliction of Emotional Distress
### By Plaintiffs C.M. and D.V.

77.     Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

78.     Paragraph 78 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

79.     Paragraph 79 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

80.     Paragraph 80 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## VI.    SECOND CAUSE OF ACTION
### Federal Tort Claims Act, 28 U.S.C. § 1346(b)
### Abuse of Process
### By Plaintiffs C.M. and D.V.

81.     Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

82.     The abuse of process claim has been dismissed by this Court and thus the allegations asserted in Paragraph 82 require no response. To the extent a response is required, Defendant denies the allegations.

83.     The abuse of process claim has been dismissed by this Court and thus the allegations asserted in Paragraph 83 require no response. To the extent a response is required, Defendant denies the allegations.

84.     The abuse of process claim has been dismissed by this Court and thus the allegations asserted in Paragraph 84 require no response. To the extent a response is required, Defendant denies the allegations.

85.     The abuse of process claim has been dismissed by this Court and thus the allegations asserted in Paragraph 85 require no response. To the extent a response is required, Defendant denies the allegations.

## VII.    THIRD CAUSE OF ACTION
### Federal Tort Claims Act, 28 U.S.C. § 1346(b)
### Battery
### By Plaintiff C.M.

86.     Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

87.     Paragraph 87 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

88.     Paragraph 88 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

89.     Paragraph 89 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## VIII.   FOURTH CAUSE OF ACTION
### Federal Tort Claims Act, 28 U.S.C. § 1346(b)
### Negligence
### By Plaintiffs C.M. and D.V.

90.     Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

91.     Paragraph 91 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

92.     Paragraph 92 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

93.     Paragraph 93 contains Plaintiffs' legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## IX.     FIFTH CAUSE OF ACTION
### Federal Tort Claims Act, 28 U.S.C. § 1346(b)
### Loss of Consortium
### By Plaintiff D.V.

94.     Defendant incorporates by reference its responses to the preceding paragraphs as if set forth fully herein.

95.     The loss of consortium claim has been dismissed by this Court and thus the allegations asserted in Paragraph 95 require no response. To the extent a response is required, Defendant denies the allegations.

96.     The loss of consortium claim has been dismissed by this Court and thus the allegations asserted in Paragraph 96 require no response. To the extent a response is required, Defendant denies the allegations.

97.     The loss of consortium claim has been dismissed by this Court and thus the allegations asserted in Paragraph 97 require no response. To the extent a response is required, Defendant denies the allegations.

98.     The loss of consortium claim has been dismissed by this Court and thus the allegations asserted in Paragraph 98 require no response. To the extent a response is required, Defendant denies the allegations.

## X.     PRAYER FOR RELIEF

The final unnumbered paragraph represents Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies that Plaintiffs are entitled to the requested relief.

## <u>DEFENSES</u>

In further answering Plaintiffs' Complaint, Defendant raises the following affirmative and other defenses:

1.     This Court lacks subject matter jurisdiction over some or all of the claims raised in the Complaint.

2.     Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

3.     Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C. § 2680(a).

4.      Defendant has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

5.      Plaintiffs' claims challenge conduct that is considered privileged under Texas law, including conduct protected by Texas's use-of-force privilege and other conduct authorized by Texas law. Defendant is entitled to the benefits of any common or statutory law of Texas that serves to cap or limit damages or liability.

6.      Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

7.      Defendant, through employees, did not owe a legal duty to Plaintiffs.

8.      Defendant, through employees, did not breach a legal duty owed to Plaintiffs.

9.      Acts or omissions of Defendant, through employees, were not the proximate cause of injury to Plaintiffs.

10.     In the event Defendant is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom Defendant cannot be held liable, broke any causal connection between the Defendant's negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of Defendant's negligence or wrongful conduct.

11.     Plaintiffs' recovery of damages, if any, is limited by federal and applicable state law.

12.     Plaintiffs' recovery against Defendant, if any, is limited to the amount stated in timely and properly presented administrative claims. 28 U.S.C. § 2675(b). To the extent Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or

in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies.

13. Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

14. To the extent the Court enters a money judgment against Defendant, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

15. Plaintiffs' claims are barred by any exception to or limitation on Defendant's waiver of sovereign immunity.

16. Under the FTCA, Defendant only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

17. To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability, if any, must be apportioned or any judgment reduced as set forth under applicable state law.

18. Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

19. Plaintiffs' claims are barred to the extent they are based on misrepresentations. 28 U.S.C. § 2680(h).

20. Defendant denies that a class action may be properly certified under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., in this case.

21. Defendant asserts that it has, or may have, additional defenses that are not known to Defendant at this time but may be ascertained through discovery in this action. Defendant specifically preserves these defenses and reserves the right to amend its Answer with additional

affirmative or other defenses that may be available, including any defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, United States of America, prays that Judgment be entered for the United States, that Plaintiffs be denied any and all relief and take nothing by their Complaint, that the Complaint be dismissed with prejudice, that the United States be awarded its costs in defending this action, and that the United States be granted such other relief as the Court deems appropriate.

Dated: September 27, 2023

Respectfully submitted,

MERRICK B. GARLAND
United States Attorney General

BRANDON B. BROWN
United States Attorney
Western District of Louisiana

By:    *s/ E. Henry Byrd, IV*
E. HENRY BYRD, IV (LA#37435)
ALLISON C. REPPOND (TX#24085733)
Special Attorney to the U.S. Attorney General
Acting Under Authority Conferred by 28 U.S.C. § 515
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101-3068
(318) 676-3600 // Fax: (318) 676-3642
edwin.byrd@usdoj.gov
allison.reppond@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 27, 2023, a copy of the foregoing Amended Answer to Complaint and Affirmative Defenses by the United States of America was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. I also certify that there are no non-CM/ECF participants to this action.

*s/ E. Henry Byrd, IV*
E. Henry Byrd, IV (#37435)