# EXHIBIT B

# LEGACY ENHANCEMENT



Protecting your assets

# PRESERVING YOUR LEGACY

## Pooled Trust for Minors

### WHAT IS LEGACY ENHANCEMENT TRUST?

The Legacy Enhancement Pooled Trust was created to manage funds and assist in enriching the quality of life of its clients. The low costs and fees for establishing and maintaining the pooled trust are attractive to beneficiaries and their caretakers, as compared with the alternative of an expensive, traditional, large bank managed trust.



### WHAT IS A POOLED TRUST?

A pooled trust is a trust established and administered by a nonprofit organization. A separate account is established for each beneficiary of the trust; for the purposes of investment and fund management, the trust pools the separate accounts. For self-settled, or (d)(4)(C) pooled trusts, each sub-account is established by the individual with a disability, a parent, grandparent, guardian, or a court, and the trust is funded with the assets of the individual with a disability.



### WHO SHOULD USE A POOLED MINOR'S TRUST?

A pooled trust can be used for minors or individuals with disabilities who have received money from a legal settlement, an inheritance, or another kind of financial allocation.

**Toll-Free: (866)587-8306**
**www.legacyenhancement.org**

## WHAT EXPENSES CAN THE TRUST PAY FOR ON BEHALF OF THE MINOR?

Services and items purchased must be used for the sole benefit of the minor. Allowable purchases include, but are not limited to: vehicles, clothing, eye and dental care, home or auto adaptations, and rehabilitation/therapy services. For a full list of allowable purchases, visit our website at www.legacyenhancement.org.





## HOW ARE THE TRUST FUNDS MANAGED AND INVESTED?

Each beneficiary's trust fund is placed into a managed sub-account. The assets from all sub-accounts are "pooled" together and are invested and managed by professional money managers. Pooling the funds reduces administrative fees and increases the principal for investment purposes.

Beneficiaries of the trust receive earnings based on their share of the principal. Financial records are held for each individual beneficiary's account. To ensure a conservative investment approach, the Legacy Enhancement Board of Trustees provides oversight and management of the assets in partnership with a professional fund manager.

## WHY SHOULD YOU CHOOSE LEGACY ENHANCEMENT?

### The Mission
We are a nonprofit organization dedicated to providing minors and individuals with disabilities with an affordable, reliable trust solution.

### The People
When you choose Legacy Enhancement Trust, you can expect warm, friendly service. We return calls and process distribution requests quickly and can accommodate any language through a translation service.

### The Service
In addition to having online access to your trust account, we offer a prepaid debit card that gives you instant access to your trust funds.

## START PLANNING FOR YOUR FUTURE TODAY.

To learn more, call us toll-free or visit our website.

**Toll-Free: (866)587-8306**
**www.legacyenhancement.org**

# LEGACY ENHANCEMENT
# MINORS MASTER POOLED TRUST AGREEMENT

**August 24, 2020**

## LEGACY ENHANCEMENT MINORS MASTER POOLED TRUST AGREEMENT

This Minors Master Pooled Trust Agreement ("Trust Agreement") is established on the ____ day of August, 2020, by Legacy Enhancement, a Texas domestic nonprofit corporation (as evidenced by Addendum "A" of this Trust Agreement) as Settlor and Trustee. Legacy Enhancement is an Internal Revenue Service tax-exempt organization (as evidenced by Addendum "B" of this Trust Agreement). Each beneficiary of the Minors Master Pooled Trust is a minor child whose interests are in need of being protected and preserved due to his or her minority.

### Article I – Purpose of the Trust

1. Each beneficiary of this Trust Agreement shall have a separate account for his or her sole benefit, referred to herein as the "sub-account". The primary purpose of this Trust is to protect each beneficiary from the loss of his or her Trust assets through undue influence, misuse, or exploitation by others prior to the beneficiary's reaching the age of majority. The Trustee may make distributions from a beneficiary's sub-account for medical, educational, or other personal needs identified by the Trustee.

2. The Trustee may use so much of the principal and income of a beneficiary's sub-account as the Trustee deems advisable for the use and benefit of the minor. The Trustee may take into consideration other sources of income and assets available to the beneficiary before making any distributions which fall within the purposes of this Trust.

3. No distribution under this Trust shall discharge the legal obligation of the beneficiary's parents to support the beneficiary in accordance with the laws of the state of the parents' domicile.

4. It is the best interest of the beneficiary, and not that of any other person, which governs the distribution decisions of the Trustee, even if the distributions result in the depletion of the entire Trust sub-account.

### Article II – Joinder Agreement

1. Individuals who wish to participate in the Master Pooled Trust shall submit a "Joinder Agreement" to the Trustee. The Joinder Agreement may be executed by a parent, court-appointed guardian, guardian ad litem, or any other individual or entity authorized by a court to enter into such an Agreement using the minor's funds. The applicant is referred to as the Grantor. The beneficiary may not be the applicant.

2. The Trustee has the sole and absolute discretion in determining whether to approve any Joinder Agreement application. If the Joinder Agreement is approved, it becomes irrevocable but subject to amendment as needed for the well-being of the beneficiary or as required under federal or state law and regulations.

## Article III – Trust Sub-Accounts

1. A separate account ("sub-account") shall be maintained for each beneficiary of the Trust. Sub-accounts are pooled for purposes of investment and management of funds by an entity or individual chosen by the Trustee to serve as Fund Manager.

2. Additions to the funds may be made to a sub-account at any time subject to the absolute right of the Trustee to accept or refuse assets of any nature into the sub-account.

## Article IV – Trust Is Irrevocable

1. This Trust Agreement is irrevocable. An individual sub-account shall be effective and irrevocable upon the valid execution of the Joinder Agreement by an authorizedvGrantor, acceptance of the Joinder Agreement by the Trustee, and the funding of the sub-account. Once established, the sub-account assets shall be distributed in accordance with the terms of this Trust Agreement and the signed Joinder Agreement. The sub-account beneficiary may not be changed under any circumstance.

2. The Trustee may at any time amend this Trust Agreement by an instrument in writing signed and acknowledged by the Trustee to effectuate its purposes as expressed herein, and to comply with changes in federal and state laws and regulations which come into effect subsequent to the signing of this Agreement, or to clarify any provision or scrivener's error. No amendment may change or affect the interests or rights of a sub-account beneficiary.

## Article V – Distributions

1. The Trustee shall have sole, absolute and unfettered discretion in making distributions. In exercising discretion, as to the amount of any distribution to the beneficiary, the Trustee may consider:

   a. the beneficiary's general standard of living;

   b. the age, health, education, and maintenance of the beneficiary; and

   c. other funds, income, or capital, reasonably available to the beneficiary and known to the Trustee.

2. The Trustee shall take into consideration information provided in the Joinder Agreement when making decisions regarding distributions. The judgement of the Trustee and not that of any other person or entity shall be the sole determining factor by which distributions are made.

3. The Trustee shall not be liable to a sub-account beneficiary for acts undertaken in good faith. If the sub-account beneficiary or his or her family receives means-tested public benefits, it is the responsibility of the Grantor to timely inform the Trustee so that such benefits can be taken into consideration before a distribution is made.

4.  The Trustee shall hold, manage, invest and reinvest the Trust property, collect the income therefrom, and pay from the Trust property all lawful charges, assessments, fees, taxes and other expenses properly incurred in the formation, administration and protection of the Trust. Any income not distributed to or for the benefit of the beneficiary shall be added to the principal.

5.  In the Trustee's sole, absolute, and unfettered discretion, distribution of income or principal to the Beneficiary may be:

    a.  paid directly to the Beneficiary;

    b.  deposited in any bank to the credit of the Beneficiary in an account carried in the Beneficiary's name, either alone or jointly with others;

    c.  expended for the benefit of the Beneficiary; or

    d.  paid to the legal guardian or other authorized representative of the beneficiary, who has undertaken the responsibility, legally or voluntarily, for the support and maintenance of the Beneficiary as his or her legal representative.

6.  If at any time during the existence of a sub-account, the beneficiary is determined by a governmental agency to be disabled, or is adjudicated incapacitated by a court of competent jurisdiction, then the Trustee may refuse to make a requested distribution to or for the beneficiary. In that event, the Trustee may apply to a court of competent jurisdiction to establish a first party special needs trust in accordance with the provisions of 42 U.S.C. 1396p(d)(4)(A); or to transfer the sub-account to a pooled trust for the benefit of persons with disabilities meeting the requirements of 42 U.S.C. 1396(d)(4)(C). The Trustee shall seek authority to execute any and all documents required to effectuate the change, and shall transfer the remaining balance of the existing sub-account to the new account or sub-account, or as otherwise directed by the court.

### Article VI – Spendthrift Provision

1.  None of the principal or income of a beneficiary's sub-account shall be anticipated, assigned, encumbered, or subject to any creditors' claims or to any legal process. No part of the Trust sub-account shall be liable for nor available to a beneficiary's creditors. Further, no part of a Trust sub-account shall be subject to the claims of a beneficiary's voluntary or involuntary creditors.

### Article VII – Trust Termination

1.  The Trust shall terminate on the first to occur of:

    a.  the exhaustion of the corpus;

    b.  the death of the beneficiary;

    c.  the beneficiary attaining the age of majority in effect in the state or province where the beneficiary is then domiciled; or

    d.  Such age or time as otherwise directed by a court of competent jurisdiction.

2. Upon termination due to the death of the Beneficiary, the balance of the Trust property, after payment of expenses, shall be distributed to the beneficiary's estate.

3. Upon termination due to the beneficiary attaining the age of majority in the state in which he or she is then domiciled, the remaining balance of the sub-account, including any undistributed income, shall be distributed outright and free of trust to the beneficiary.

## Article VIII – Investments

1. The Trustee may choose to contract with a Fund Manager to invest and reinvest in stocks, bonds and other securities and properties, real, personal, or mixed, and wherever situated. Such investments may include but are not limited to stocks, unsecured obligations, undivided interests, interests in investment trusts, common trust funds, mutual funds, and annuities. The Trustee is authorized to hold assets in cash if that position is advantageous to the beneficiary's sub-account.

2. The Trustee shall select assets for allocation to a sub-account as the Trustee shall deem to be in the best interests of a beneficiary, and assets allocated to one sub-account need not be of the same character as assets allocated to another sub-account. Without limiting the generality of the foregoing, the Trustee may allocate assets having different income tax bases in such manner, amounts, and proportions as the Trustee may deem appropriate.

3. The Trustee may authorize the Fund Manager to employ the services of a for-profit entity to manage some of the financial activity of the sub-accounts, individually or pooled. However, the Trustee shall maintain ultimate managerial control over the Trust. The use of for-profit entities is always subordinate to the non-profit Trustee of this Master Pooled Trust.

4. An accounting of each sub-account shall be provided to the Grantor and the beneficiary's legal representative not less than annually. The accounting shall include a complete statement of the sub-account assets and all the receipts, disbursements, and distributions to or from such Trust sub-account occurring during the reporting period. The sub-account records along with all Trust records or documentation shall be available and open at all reasonable times for inspection by the beneficiary or the legal representative of the beneficiary, or any person authorized in writing signed by the beneficiary or his or her legal representative.

5. The Trustee may exercise any available election under any applicable income, estate, inheritance, succession, or gift tax law. The Trustee shall not be liable to any beneficiary of this Trust for tax consequences occasioned because of the exercise of, or failure to exercise, any such elections or because of the allocation and distribution of property in kind, in full or partial satisfaction of any beneficiary's interest in the Trust. The Trustee is authorized to

allocate all, or any portion of the receipts treated as capital gains for federal tax purposes as either income or principal, as the Trustee determines such allocation to be in the best interests of the Beneficiary.

6. The Trustee is authorized to pay any income tax liability of a beneficiary which results from income received by the Trust. The funds used to pay this income tax liability shall be paid directly to the appropriate taxing authority. The beneficiary shall not have any right to or interest in any of these funds paid by the Trustee. These funds are not a resource of the beneficiary and should not be treated as a distribution of income for purposes of medical assistance eligibility.

7. In dealing with sub-account property, the Trustee shall observe the standard of care that would be observed by a prudent person dealing with the property of another.

## Article IX – Trustee Powers

1. The Trustee shall have all powers, privileges, and authority consistent with fiduciary conduct which the Trustee deems necessary or advisable to exercise in order to administer the Trust created herein in a business-like manner. In addition to all common law and statutory authority, the Trustee, except as otherwise provided, shall have the power without approval of any court and in any manner, it considers advisable:

    a. To retain any property in the form in which it is received;

    b. To repair, insure, or otherwise care for any tangible personal property and to pay any shipping or other expenses relating to the property as the Trustee deems advisable;

    c. To abandon any property the Trustee considers worthless;

    d. To sell, mortgage, exchange, lease, or otherwise dispose of or encumber any property on any terms, with no purchaser being bound to see to the application of any proceeds and whether the effect thereof extends beyond the term of this Trust;

    e. To pay, compromise, or contest claims or controversies involving the Master Trust, including claims for taxes;

    f. To make contracts and execute instruments as may be necessary in the exercise of the powers granted herein;

    g. To employ attorneys, accountants, brokers, custodians, investment counsel and investment managers or other agents for necessary services provided to the Trust, and to compensate them out of the income or principal of the Trust estate or both;

    h. To perform other acts necessary or appropriate for the proper administration of the Trust, execute and deliver necessary instruments, give full receipts and discharges;

i.  To pay any expense for the collection of Trust property or the management or protection of the Trust, and any taxes or assessments that may be levied upon the Trust principal or income, including such taxes for which the beneficiary of the Trust may be liable.

## Article X – Indemnification of Trustee

1. Except for willful default of any duty hereunder or gross negligence, the Trustee shall not be liable for any act, omission, loss, damage, or expense arising from the performance of its duties under this Trust Agreement. The Trustee is not subject to any liability whatsoever to any person for any distributions made or not made by the Trustee or in the Trustee's discretion pursuant to the terms of this Trust Agreement.

## Article XI – Administrative Expenses

1. The Trustee has responsibility to minimize payment of administrative expenses of the Trust estate to the extent reasonably possible. General administrative expenses of the Trust, if not paid from any other sources shall be allocated equally among all the then-funded Trust sub-accounts.

2. Any necessary or proper expenses incurred regarding the operation of any Trust sub-account, including but not limited to any attorneys' or accountant fees, investment fees, management fees, taxes, debts, or charges shall be paid by the Trustee out of that Trust sub-account.

3. Costs and expenses of defending the Trust Agreement from any claim, demand, legal or equitable action, suit or proceeding may in the sole discretion of the Trustee either:

   a. be apportioned on a pro rata basis to all then-funded Trust sub-accounts;

   b. be charged solely against the Trust sub-account of the affected beneficiary.

## Article XII – General Provisions

1. The Trustee is entitled to reasonable compensation for its services from the assets of the Trust in accord with a schedule of fees and charges attached to the Joinder Agreement. Such fees may include, but are not limited to, payments for advisory or management services, and administrative and sub-accounting services rendered by the Trustee or its agents or rendered to the Trustee by others on behalf of the Trust and its beneficiaries. The Trustee shall be entitled to reimbursement for any reasonable expenses incurred by it individually on behalf of the entire Trust estate or a Trust sub-account.

2. The Trust shall initially be funded with the sum of One Hundred Dollars and Zero Cents ($100.00) to be given to the Trustee at the time of execution.

3.  All reasonable expenses in establishing, maintaining, administering, and defending this Trust, including but not limited to, reasonable attorney fees, accounting fees, Trustee fees, and costs shall be a proper charge to the Trust.

4.  The Trustee has a duty of loyalty to the beneficiaries to act in good faith and in accordance with the terms of the Trust Agreement.

5.  The Trustee shall act with sole and unfettered discretion and shall be liable only for actual fraud, misapplication, gross negligence, bad faith, or willful disregard of the provisions in this Trust Agreement. No Trustee appointed under the provisions of this Trust Agreement shall have any duty to examine, verify, question or audit the books, records, accounts, or transactions of any previous Trustee and shall not be liable to any person interested in any trust for any mistakes, errors, default or other acts committed by any such previous Trustee.

6.  The situs of this Trust is Texas. The Trust Agreement shall be interpreted in accordance with the laws of the United States and the State of Texas.

IN WITNESS WHEREOF, executed this _24_ day of August, 2020, in Beaver County, Pennsylvania.

LEGACY ENHANCEMENT, TRUSTEE

By: Christian Bruns, President

STATE OF PENNSYLVANIA
COUNTY OF BEAVER

This instrument was acknowledged before me on this _24_ day of August, 2020, by Christian Bruns, President of Legacy Enhancement, a Texas domestic nonprofit corporation, who is authorized to and does execute this instrument on behalf of said corporation.

NOTARY PUBLIC: _____

COMMONWEALTH OF PENNSYLVANIA - NOTARY SEAL
Andrea K Metcalf, Notary Public
Beaver County
My Commission Expires 04/01/2023
Commission Number 1227841

☒ Personally known.
☐ Produced identification: _____

Legacy Enhancement Minors Master Pooled Trust Agreement    Page 7 of 7

# ALLOWABLE & RESTRICTED PURCHASES



**The list of allowable purchase is not all-inclusive. If something is not listed, please contact your trust administrator for additional information.  Receipts must be provided to back up all purchases made using the funds in the trust.**

| **ALLOWABLE** | | | |
|---|---|---|---|
| | **Health** | Psychological treatment<br>Psychiatric treatment<br>Routine Exams<br>Dental Care<br>Cosmetic Surgery<br>Eye Care<br>Lasik surgery<br>Health/Dental/Vision Insurances | Home Health Care<br>Gym/Spa Memberships<br>Golf Club Memberships<br>Travel<br>Rehabilitation/therapy services<br>Alternative Medical<br>Treatment |
| | **Education** | **Tuition:**<br>  Grammar/secondary<br>  High school<br>  Fees(classes/sports) | Books/Supplies<br>Computers/Software & related items<br>Field Trips<br>Musical instruments and lessons |
| | **Other** | Transportation<br>Existing Life/Property<br>Insurance<br>Pet supplies and services<br>Tickets*(movies/concerts/sporting event/etc.)* | Taxes<br><br>Special vacations  *(type the beneficiary had never taken before)* |

**Distributions will not be made if determined that the item should be categorized as one of parental responsibilities of support**

| **NOT PERMITTED RESTRICTED** | | |
|---|---|---|
| | Direct Cash<br>Food/groceries<br>Alcohol, tobacco (cigarettes, e – cigs), Weapons<br>Rent/mortgage<br>Lottery tickets<br>Property taxes<br>Traffic fines<br>Bail | Restitution<br>Court costs associated with criminal activity<br>Bank overdraft fees<br>Utilities (electricity, garbage water, gas, sewer)<br>Family-member Babysitters<br>Transportation Costs without prior approval<br>Gifts to 3rd parties<br>Homeowner or condo dues<br>Cash advance repayments |

# LEGACY ENHANCEMENT MINORS'
## MASTER POOLED TRUST
## JOINDER AGREEMENT

*This is a legal document.*
*You are advised to seek independent, professional legal advice before signing this document.*

### Article I – Terms and Conditions

_____, the undersigned Grantor ("Grantor"), enters into this Joinder Agreement with the Legacy Enhancement Minors' Master Pooled Trust ("Trust") whose mailing address is 601 W. Alabama Street, Houston, Texas 77006. The Legacy Enhancement Pooled Trust, Inc. is a not-for-profit corporation approved by the State of Texas and the Internal Revenue Service. The Trust is incorporated herein by reference. The parties enter into this Joinder Agreement in consideration of the mutual covenants and promises included in the Trust and the Joinder Agreement.

This Joinder Agreement is entered into for the purpose of establishing a trust sub-account for the sole benefit of _____ ("Beneficiary"). The Grantor declares that the Grantor has legal authority to transfer the Beneficiary's funds for the purpose of funding the sub-account.

Once agreed to by the parties by the signing of this Joinder Agreement, the sub-account is irrevocable and can't be altered unless the Master Trust Agreement or this Joinder Agreement permits a change. Signing this Agreement means that the sub-account will only end when one of the terms of Article VII of the Trust Agreement is met.

The terms of the Joinder Agreement are subject to being amended. Amendments to the Joinder Agreement will apply to all beneficiaries, and not just to an individual Beneficiary's sub-account.

The sub-account may be funded with real or tangible property belonging to the beneficiary and the Grantor shall have no further interest in and relinquishes and releases all rights of control over and all incidents of ownership in the contributed assets and any income generated by the contributed assets.

### Article 2 – Distributions from Trust Sub-Account

The Trustee may make any distributions deemed advisable for the use and benefit of the minor which are not provided by or available from any other source. Distributions are to be made directly to the provider whenever possible. Permissible distributions include but are not limited to expenses related to education, health care and technology, and are described in greater detail in the attached Addendum.

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement                    Initials _____

Distributions are not allowed for the following: rent or mortgage payments to family members, utility payments, items otherwise categorized as parental responsibilities of support (unless the Trustee determines that extraordinary circumstances, such as health and safety, exist which would compel a distribution otherwise categorized as a duty of parental support); alcohol, cigarettes (including e-cigs), bail, bank overdraft fees, family-member babysitters, transportation costs without prior approval, gifts to third parties, and cash advance repayments.  Additional information regarding permissible and impermissible distributions is set forth in Addendum "F" hereto.

The Trustee is not required to make any distributions from the beneficiary's sub-account until the beneficiary or his or her representative has provided written estimate or proposals; or in the case of reimbursement requests - receipts, copies of cancelled checks or other proof of payment which is satisfactory to the Trustee.

### Article 3 – Final Distribution

Final Distribution of any remaining sub-account assets will be made when one of the circumstances described in Article VII of the Master Pooled Trust Agreement is met.  At the time of final distribution, the value of the sub-account shall be calculated by taking the value at the close of business on the date the beneficiary reaches the age of majority, or if the beneficiary reaches the age of twenty-one on a date which is a non-business day, then the value should be calculated as of the close of the last business day prior to that date.

### Article 4 – Trustee Compensation

The Trustee shall be entitled to compensation for its services according to its published fee schedule in effect at the time services are rendered by the Trustee.  The Fee Schedule is attached to this Joinder Agreement as Exhibit "E".  Fees and compensation paid to the Trustees are not refundable and are earned when paid.  Fees which are not paid in advance may be a charge to the Beneficiary's sub-account.  Beneficiaries shall be entitled to written notice of any change to the Fee Schedule thirty (30) days prior to such change.

### Article 5 – Miscellaneous Provisions

Indemnification.  The Grantor agrees to indemnify and hold harmless the Trustee, its agents and employees, for actions taken on behalf of the Beneficiary so long as the Trustee acted reasonably and in good faith.  Grantor recognizes and acknowledges that the ongoing and changing nature of laws, regulations, policies, and procedures relating to government assistance programs cannot be predicted.

Tax Treatment.  The Grantor acknowledges that the Trustee has made no representations to the Grantor regarding the tax implications of the funding of the Trust or later tax consequences. The Trustee recommends that the Grantor consult with a tax professional before entering into this

agreement.  Annual tax returns, if required, will be prepared by a certified public accountant. Preparation fee and any related tax liability will be billed to the trust.

Governing Law.  This Agreement is created in and shall be construed under the laws of the state of Texas.

Change of Circumstances.  The Grantor must provide complete and accurate information regarding the Grantor and the beneficiary at all times, including but not limited to any change in circumstances that might affect the beneficiary, this Joinder Agreement and/or the duties of the Trustee as those duties pertain to the beneficiary.  It is the responsibility of the Grantor or the beneficiary's legal representative to report changes including a change of address or death of a beneficiary.  Grantor acknowledges that the Trustee will administer the Trust for the Beneficiary based on information that the Grantor provides.

Agreement Constitutes Entire Understanding Between Parties.  This Agreement, together with attached Exhibits and any Addendums to this Agreement constitute the entire agreement between the parties.

Opportunity to Seek Legal Counsel.  The Grantor hereby acknowledges that the Grantor has reviewed this Agreement and fully understands its terms; has been advised to, and has been given the opportunity to, seek the advice of independent legal counsel concerning this Agreement; agrees to be bound by the terms of this Agreement; and is not executing this Agreement because of any promises, covenants or representations other than those contained in this Agreement and the Trust.

Severability.  The invalidity or unenforceability of any provision of this Agreement, in any jurisdiction shall in no way impair, affect, or prejudice the validity or enforceability of the remainder of this Agreement in that jurisdiction.

Headings.  The headings, titles, and subtitles within this Joinder Agreement are for reference purposes and not intended to guide any construction of this document.

Account Closure.  In the event that a Beneficiary has a zero ($0) account balance for ninety (90) or more consecutive days, the Trustee, in its sole discretion, retains the right to close the Beneficiary's sub-account.  The Trustee may continue to charge administrative fees for the management of the sub-account prior to its closure.  In the event that a Beneficiary wishes to re-open a sub-account, the Beneficiary may be required to pay any outstanding administrative fees. Additionally, the Beneficiary may, in the Trustee's sole and absolute discretion, be required to pay a new enrollment fee when re-opening the sub-account.

The Grantor acknowledges that the Grantor has been provided with a copy of the Legacy Enhancement Minors' Master Trust Agreement, and that the Grantor is entering into this agreement voluntary and without coercion.

IN WITNESS WHEREOF, the undersigned Grantor has signed this Joinder Agreement on the _____ day of _____, 20____, and the Trustee has accepted and signed this Joinder Agreement on the _____ day of _____, 20____.

GRANTOR

_____

Grantor's Name: _____

Grantor's Address: _____

_____

_____

Signed and witnessed in the presence of:

_____        _____
Witness Name:                            Witness Name:

STATE OF _____
COUNTY OF _____

This instrument was acknowledged before me on this _____ day of _____, 20____, by _____, for the purposes and consideration therein expressed.

_____

NOTARY PUBLIC:_____

    (Seal or Stamp)        Commission/Expiration: _____
☐ Personally known.
☐ Produced identification: _____

**LEGACY ENHANCEMENT, TRUSTEE**

_____

By: Christian Bruns, President

Signed and witnessed in the presence of:

_____        _____
Witness Name:                            Witness Name:

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement          Initials _____

STATE OF TEXAS
COUNTY OF HARRIS

      This instrument was acknowledged before me on this ____ day of _____, 20____, by Christian Bruns, President of Legacy Enhancement, a Texas domestic nonprofit corporation, who is authorized to and does execute this instrument on behalf of said corporation.

_____

NOTARY PUBLIC:_____

        (Seal or Stamp)    Commission/Expiration: _____

☐ Personally known.
☐ Produced identification: _____

**Exhibit "A"**
**DECLARATION OF TRUST**

**Exhibit "B"**
**GRANTOR AND BENEFICIARY INFORMATION**

Grantor Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship to Beneficiary: _____

Current Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Grantor's Attorney: ☐ Mr.  ☐ Ms./Mrs. _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

_Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement_          Initials _____

Beneficiary Name: ☐ Mr.  ☐ Ms. _____

Current Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Place of Birth: _____    U.S. Citizen: ☐ Yes ☐ No

Name of School: _____

In what grade: _____

Beneficiary's Mother's Name: _____

Address: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Beneficiary's Father's Name: _____

Address: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

Does the Beneficiary drive? ☐ Yes ☐ No

If yes, provide the following:

Insurance company: _____ Policy number: _____

Is the Beneficiary covered under any policy of heath care insurance? ☐ Yes ☐ No

If yes, provide the following:

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement          Initials _____

Insuring Entity: _____ Policy number: _____

Is coverage through an employed parent which will continue until the Beneficiary reaches the age of 26? ☐ Yes ☐ N

If the Beneficiary has a legal representative (such as a legal guardian, conservator, representative payee, power of attorney, or other agent), please provide the following information (if contact information has already been provided above, please indicate such and do not re-enter)

Legal Representative Name: ☐ Mr. ☐ Ms./Mrs. _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Date of Birth: _____ Social Security Number: _____

If legal or court-appointed representative, date of appointment: _____

Mark all that are applicable (attach a copy of all legal/court documents granting authority):

☐ Guardian of the Estate/Conservator        ☐ Guardian of the Person        ☐ Plenary Guardian

☐ Other Designation/Relationship: _____

Please indicate all forms of government assistance that the Beneficiary receives or is applying for, and the amounts received per month (if applicable). A copy of the award notice from Social Security or the State Medicaid agency must be attached so that distributions can be made without jeopardizing benefits.

Home or Community Based Medicaid Programs:     ☐ Yes ☐ No ☐ Applying

Medically Needy Program:     ☐ Yes ☐ No ☐ Applying

Food Stamps (SNAP):     ☐ Yes ☐ No ☐ Applying

Child Health Insurance Program (CHIP):     ☐ Yes ☐ No ☐ Applying

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement          Initials _____

**Exhibit "C"**
**DESIRES OF GRANTOR FOR TYPES OF DISTRIBUTIONS**
**FROM THE TRUST SUB-ACCOUNT**

*Please be as thorough as possible when completing this section.*
*This information is very important when authorizing requests for distributions.*

A.  How would you like to see money in the Beneficiary's sub-account used to improve the Beneficiary's life? What type of entertainment and activities does the Beneficiary enjoy? Is the Beneficiary interested in technology?  What are his or her favorite school subjects?
*Please note, in some instances, we may create an annual or periodic budget.*
*Please note, you will not be limited to only those items or services listed here.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

B. Please provide the names and addresses of anyone who can request distributions.
*Please note, having too many people permitted to request distributions can cause communication problems and may delay distribution. One or two persons are optimal.*

Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Able to request distributions: ☐ Yes  ☐ No


Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Able to request distributions: ☐ Yes  ☐ No


Name: ☐ Mr.  ☐ Ms./Mrs. _____

Relationship: _____

Address: _____

City: _____ State: _____ Zip: _____

Telephone Number: _____ E-mail Address: _____

Able to request distributions: ☐ Yes  ☐ No

**The Grantor may add or remove above-named individuals at any time
by written notice to Legacy Enhancement at address or email account provided.**

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement          Initials _____

**Exhibit "D"**
**PROOF OF GRANTOR'S STATUS TO**
**ESTABLISH TRUST ON BEHALF OF BENEFICIARY**

All Grantors must provide a photocopy of current valid photo identification (e.g., state issued driver's license, state issued identification card, government issued passport, etc.)

- Parent or Parents as Grantor, also include a copy of your son or daughter's birth certificate.

- Guardian Ad Litem as Grantor, also include a copy of your Order Appointing Guardian Ad Litem

- Legal Guardian as Grantor, also include a copy of your Letters of Guardianship and a copy of a court order authorizing you to sign the Joinder Agreement.

- Court or other legal party as Grantor, also include a copy of a court order authorizing the establishment of the Trust sub-account.

*Please note, the documents listed above are examples only. Other documents that clearly or specifically establish the Grantor's relationship to the Beneficiary, and the status or authority to establish the Trust on behalf of the Beneficiary and to access the Beneficiary's funds, can also be sufficient.*

Legacy Enhancement Minors' Master Pooled Trust Joinder Agreement          Initials _____

<u>**Exhibit "E"**</u>
**TRUST FEES AND PROCEDURES**

1. <u>Enrollment Fee.</u>  There is no enrollment fee for sub-accounts with initial balances of less than $10,000.00.  There is a one-time $1,000.00 enrollment fee for sub-accounts with an initial balance of more than $10,000.00.  There is a one-time $1,500.00 enrollment fee for sub-accounts with an initial balance of more than $20,000.00.  Any enrollment fees will be deducted from the initial deposit.

2. <u>Administrative Fee.</u>  The account will be charged an annual administrative fee, of 1.95%, payable in advance.

3. <u>Completing the Application Process.</u>  Mail the completed Joinder Agreement, along with any checks to deposit into the Beneficiary's account to:

   Legacy Enhancement, Inc.
   2020 Beaver Avenue, #206
   Monaca, PA  15061